UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| FELIX GONZALEZ,<br><br>        Plaintiff,<br><br>v.<br><br>SALT LAKE CITY CORP., et al.,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 9)**<br><br>Case No. 2:24-cv-00321<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

    Pro se plaintiff Felix Gonzalez moves for appointment of counsel, stating he cannot afford a lawyer.[1] For the reasons explained below, Mr. Gonzalez's motion is denied.

    While defendants in criminal cases have a constitutional right to representation by an attorney,[2] "[t]here is no constitutional right to appointed counsel in a civil case."[3] Appointment of counsel in civil cases is left to the court's discretion.[4] Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel." The applicant has the burden to convince the court his/her/their claim has

---

[1] (Doc. No. 2.)

[2] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[3] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[4] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

1

enough merit to warrant appointment of counsel.[5] When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[6]

Mr. Gonzalez initially filed a motion to proceed *in forma pauperis* (without paying the filing fee) pursuant to 28 U.S.C. § 1915,[7] but the undersigned determined he did not qualify for a fee waiver because his reported income exceeds 200% of the Federal Poverty Guidelines.[8] Mr. Gonzalez then paid the filing fee.[9] Considering Mr. Gonzalez's reported income and his payment of the filing fee, Mr. Gonzalez has not demonstrated he is unable to afford counsel. And he has not shown any of the other factors set forth above support appointment of counsel. For these reasons, Mr. Gonzalez's motion for appointment of counsel[10] is denied.

DATED this 9th day of May, 2024.

BY THE COURT:

_Daphne A. Oberg_
Daphne A. Oberg
United States Magistrate Judge

---

[5] *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[6] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[7] (Doc. No. 1.)

[8] (*See* R. & R. to Deny Mot. to Proceed *in Forma Pauperis*, Doc. No. 6.)

[9] (*See* Doc. No. 8.)

[10] (Doc. No. 9.)